MARIA SOPHIE KLEB, respondent,

*v.*

JEAN KLEB et al., appellants.

[Argued July 11th, 1906. Decided March 4th, 1907.]

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Stevens, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 365.*

*Mr. John W. Queen* and *Mr. Gilbert Collins,* for the appellants.

*Mr. Ernest F. Keer* and *Mr. Robert H. McCarter,* attorney-general, for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons contained in the opinion of the learned vice-chancellor before whom the cause was heard in the court of chancery. In reaching the conclusion that the respondent, who was the complainant below, was entitled to the relief prayed for in her bill, he excluded from consideration testimony given by her as to transactions with and statements made by her deceased husband, upon the ground that the defendants were made parties because they were his heirs-at-law; conceiving that this fact brought the excluded evidence within the proviso of the fourth section of the revised act concerning evidence. *P. L. 1900 p. 363.* That proviso declares that the enabling clause in the body of the section "shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator or intestate represented in said action," &c.

As we concur with the learned vice-chancellor in the view that the other proofs in the cause fully support the decree advised

by him, this appeal does not call for the determination by us of the question whether persons who are made parties defendant to a bill of equity for the purpose of compelling them to execute a contract made by their ancestor in his lifetime relating to lands which have descended to them as his heirs-at-law, represent their intestate within the meaning of this statutory provision.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—13.

*For reversal*—None.